JAMES v. SHORES.

DAMAGES — MALICIOUS PROSECUTION — EXPENSES OF DEFENDING — ELEMENTS OF DAMAGES.

    Damages recoverable in an action for slander and malicious prosecution, based upon expenses and costs incurred by the plaintiff in and about his defense of criminal proceedings, which he alleged defendant had instituted, must be definite and certain, and unless supported by evidence of the amounts or items such expenses cannot be included in the verdict of the jury.

Error to Barry; Smith, J. Submitted January 7, 1915. (Docket No. 22.) Decided March 17, 1915.

Case by Roy James, by next friend, against Marion Shores for slander and malicious prosecution. Judgment for plaintiff. Defendant brings error. Reversed.

*C. S. Palmerton* and *Philip T. Colgrove,* for appellant.

*A. E. Kidder* and *Thomas Sullivan,* for appellee.

MOORE, J.   This writ of error is sued out to review a judgment in an action of trespass on the case commenced by Roy James, by his next friend, against defendant, wherein plaintiff recovered a judgment against defendant of $575.

Defendant was the owner of a farm, which he had rented to the plaintiff's father.   At the termination of the tenancy, the elder James and family, including the plaintiff and his brother, employed upon the farm, moved away.   After the tenants, including the plaintiff and his brother, left the farm, defendant claims he missed several articles of personal property which had been on the farm, and made a criminal complaint against plaintiff and his brother.   They were arrested, an examination was had, and they were bound over to the circuit court.   No information was filed.   The plaintiff and his brother were discharged upon the recommendation of the prosecuting attorney.   The plaintiff also claimed that the defendant stated certain things which were untrue, derogatory to his character and slanderous in their nature, and commenced this action, alleging malicious prosecution, false imprisonment, and slander.

The errors assigned relate to the admissibility of testimony, the conduct of the court, the charge of the court to the jury, and the refusal of the court to grant a new trial upon the motion of the defendant.

The case was a hotly contested one, and several groups of assignments of error are argued in the briefs of counsel, and were argued at length in the oral arguments made in this court.   Without discussing the various groups of assignments of error, except one, we may say of them we do not think they are well taken.

Error is assigned upon that portion of the charge reading as follows:

"In this case, if you find for the plaintiff, you should give him such damages as will compensate him for his expenses and trouble in carrying on the suit and disproving the alleged slanderous words, and also such a just measure of compensation for injury to his feelings, in view of all the circumstances surrounding the case, as you think him entitled to.  *  *  *  Mr. Colgrove has called my attention to one or two matters, and one of them I will speak to you about. I said to you, you should give the plaintiff—if you find for the plaintiff—you should give the plaintiff such damages as shall compensate him for the wrong and injury done to him, and these depend upon the circumstances of each particular case. And in this case, if you find for the plaintiff, you should give him such damages as will compensate him for his expenses and trouble in carrying on the suit and disproving the alleged slanderous words. That would refer to the suit in justice court. So far as this suit is concerned, he recovers certain costs and damages if he recovers a verdict, but it doesn't apply—I don't think it should apply to his expenses in carrying on this suit, but should apply to the expenses he was put to, and the trouble he was put to in disposing of that criminal charge that Mr. Shores lodged against him."

Defendant's counsel say there was no evidence that plaintiff paid out anything, or made any effort to clear his name, or had any witnesses subpœnaed, or made any showing in justice's court; and for this reason they allege it was error for the court to charge that he was entitled to his expenses and trouble in carrying on the suit in justice's court.

Counsel for appellee reply: There might be some force to this argument, were it not for the fact that the record does show that plaintiff was represented at the examination by an attorney. That they must have made at least two trips to Hastings, one following arrest, and one to attend examination. That two days after the arrest, and before the examination,

they took witnesses and went to the Shores farm, five miles distant from their home, for the purpose of finding the very property they were accused of stealing, so as to be ready to meet the charge defendant had brought against them if the same should come on for trial in the circuit court.

Counsel does not call attention to how much time was spent by the attorney or the value of his services, or how many witnesses there were, how far they traveled, or how much time was spent by them. Upon the oral argument he was requested to point out in the record where this proof was to be found, and frankly admitted he could not do so, but argued that nevertheless the jurors themselves might make an estimate. A careful examination of the record has not disclosed to us any sufficient data to justify a verdict for any definite sum for costs and expenses of the proceedings in justice's court. It is not surprising that in the hurry and bustle of a trial the presiding judge should overlook the absence of such testimony.

For the reasons stated, we are constrained to reverse the case and grant a new trial.

BROOKE, C. J., and McALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.